UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HENRY AUSTIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING; BANK OF AMERICA, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies

have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. This action also arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in Defendant's illegal efforts to collect a consumer debt.

3. HENRY AUSTIN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), BANK OF AMERICA, NATIONAL ASSOCIATION ("BOA"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (or jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

4. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

8. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant BOA is a corporation doing business in the State of Nevada.

10. Defendant BOA is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

11. Shellpoint is doing business in the State of Nevada as a business entity and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

12. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

13. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

14. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## GENERAL ALLEGATIONS

15. On or about 12/30/2011, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 11-29773-btb (the "Chapter 13" or "Bankruptcy").

16. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

17. None of the Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

18. On August 1, 2012, the Chapter 13 Bankruptcy was converted to a Chapter 7 Bankruptcy (the "Chapter 7 Bankruptcy").

19. Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy on 10/31/2012.

20. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

21. However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

22. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the

Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

23. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

24. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

25. Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding. *Id.*

26. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id.*

27. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id.*

28. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit

reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

29. Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on the Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

## ALLEGATIONS APPLICABLE TO THE FDCPA

### A. The Shellpoint Debt

30. Plaintiff allegedly incurred a debt to a creditor for a home loan.

31. As such, the debt arose from services provided by the creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

32. Plaintiff subsequently defaulted on the debt, and Creditor transferred, assigned, or otherwise conveyed the debt to Shellpoint.

33. Accordingly, Shellpoint, at all times herein was acting as a default mortgage servicer for the debt.

34. Shellpoint attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. Shellpoint Engages in Illegal Collection Tactics

35. In an Experian credit report dated April 22, 2015, Shellpoint reported that Plaintiff owed a balance on the account in the amount of $257,256 from March 2014 through February 2015. *See* **"Exhibit 1"**. This was inaccurate since Plaintiff filed for Bankruptcy and obtained a discharge. Furthermore, Plaintiff surrendered the property underlying the debt through the Bankruptcy and the debt was therefore unenforceable in any amount.

36. Shellpoint further reported that Plaintiff was 180 days past due from March 2014 through February 2015, which also mischaracterized the Debt, since the underlying property was surrendered through the Bankruptcy and the Plaintiff's requirements to maintain payments for this Debt ceased resulting from being surrendered in the Bankruptcy.

37. Shellpoint accordingly misrepresented the enforceability, character, amount and/or legal status of the debt.

38. As a result of Shellpoint's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of Shellpoint's unlawful conduct.

39. As a direct consequence of Shellpoint's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit damage.

# THE EQUIFAX VIOLATIONS

## BOA Misreported Credit Information

## RE: Account No. 183

40. In an Equifax credit report dated April 22, 2015, BOA inaccurately reported that the Plaintiff's "Date Major Delinquency 1st Reported" (hereinafter "DLA") was August 2012, when the Plaintiff filed Bankruptcy on 12/30/2011. *See* a true and correct redacted copy attached hereto as "**Exhibit 3**". The DLA date should have been no later than the Bankruptcy filing date. By reporting a DLA later than the Bankruptcy filing date BOA caused the DLA to remain on the Plaintiff's credit reported longer than allowed under the FCRA's obsolescence period codified at 15 U.S.C. § 1681c(a). BOA's "re-aging" of its debt is illegally causing the trade line to remain on the Plaintiff's credit report longer than legally permissible.

41. On or about August 10, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed BOA's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by BOA. *Id.*

42. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Bank of America, N.A.<br>1800 Tapo Canyon CA6 914 01 91<br>Simi Valley, CA 93063 |
|---|---|
| Furnisher Acct. No.: | 183 |
| Consumer Dispute: | • This account was included in my Bankruptcy which was filed on 12/30/2011 and discharged 10/31/2012, bearing docket No. 11-29773-btb in the District for Nevada. The last activity date on this account should be no greater than the filing date, 12/30/2011. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show the Date Maj. Del. 1st Rptd 08/2012. |

43. Upon receiving the Equifax Dispute Letter, Equifax timely notified BOA of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

44. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

45. On or about August 21, 2015, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 5233019944) that BOA and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6). *See* a true and correct redacted copy attached hereto as **"Exhibit 4"**.

46. BOA and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

47. BOA and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

48. BOA and Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, BOA and Equifax still inaccurately reported that the Plaintiff's DLA was August 2012.

49. BOA and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

50. Due to BOA's and Equifax's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

51. Plaintiff's continued efforts to correct BOA's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with BOA and Equifax were fruitless.

52. BOA's and Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

53. Also as a result of BOA's and Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

54. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, BOA and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## THE EXPERIAN VIOLATIONS

### BOA Misreported Credit Information

### RE: Account No. 8523

55. In an Experian credit report dated April 22, 2015, BOA reported that Plaintiff was 60 days past due in January 2012, 90 days past due in February 2012, 120 days past due in March 2012, and 150 days past due in April 2012. *See* "**Exhibit 1**". This was inaccurate, since the Plaintiff performed all obligations required under the Bankruptcy and obtained a discharge.

56. BOA reported this inaccurate information even though Plaintiff surrendered the property securing the debt.

57. On or about August 10, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed BOA's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BOA. *Id.*

58. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | BK of AMER<br>1800 Tapo Canyon Rd<br>Simi Valley, CA 93063 |
|---|---|
| Furnisher Acct. No.: | 8523 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 12/30/2011 and discharged 10/31/2012, bearing docket No. 11-29773-btb in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Jan2012 (60 days past due); Feb2012 (90 days past due); Mar2012 (120 days past due) and Apr2012 (150 days past due). |

59. Upon receiving the Experian Dispute Letter, Experian timely notified BOA of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

60. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

61. On or about August 28, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 1208-0198-29) that BOA and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated". *See* **"Exhibit 2"**.

62. BOA and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

63. BOA and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

64. BOA and Experian re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, BOA and Experian still reported Plaintiff was 60 days past due in January 2012, 90 days past due in February 2012, 120 days past due in March 2012, and 150 days past due in April 2012.

65. BOA and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

66. Due to BOA's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued

reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

67. Plaintiff's continued efforts to correct BOA's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with BOA and Experian were fruitless.

68. BOA's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

69. Also as a result of BOA's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

70. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, BOA and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

...

...

...

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

73. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

74. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

…

…

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *ET SEQ.* (FDCPA)
### AS TO SHELLPOINT

1. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants' misrepresented the character, amount or status of the Debt owed by Plaintiff.

3. Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants communicated or threatened to communicate false credit information in an attempt to collect a debt.

4. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

5. The Plaintiff is entitled to damages as a result of Defendants' violations.

6. The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

…

…

…

…

…

…

…

…

…

## TRIAL BY JURY

75. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 26, 2016

                              Respectfully submitted,
                              By: <u>/s/ David H. Krieger, Esq.</u>
                              David H. Krieger, Esq.
                              Nevada Bar No. 9086
                              HAINES & KRIEGER, LLC
                              8985 S. Eastern Ave., Suite 350
                              Henderson, NV 89123
                              Phone: (702) 880-5554
                              FAX: (702) 385-5518
                              Email: dkrieger@hainesandkrieger.com

                              *Attorney for Plaintiff*